All right, our seventh case for this morning is United States v. Hyatt, 21-1212. And we will hear first from Ms. Christensen. May it please the Court. Good morning, Your Honors. My name is Joanna Christensen, and I represent the appellant, Kenneth Hyatt, in this case. The District Court's finding that Mr. Hyatt's storage of child pornography in Dropbox, constituted distribution of child pornography, was plainly erroneous. Admittedly, Mr. Hyatt failed to object to this enhancement, but this failure is forfeiture rather than waiver. There's no obvious strategic reason in this case for Mr. Hyatt not to object. There was no evidence put in the record that he distributed these files to anyone else. So let me ask you this, Ms. Christensen. I understand what you're saying about the difference between, quote, transporting a document, you're sitting there, it's on your computer, and maybe you put it in a thumb drive and you drive across town with it, so that's transporting it, versus uploading it to any of quite a few cloud-based systems now, Dropbox being a well-known one. So it is, in fact, transported, but it's been put in a place that's actually designed for sharing. It's designed for easy sharing. So I think when the district court said it was a click away from reaching other people, the district court was understanding that there are some technical differences between putting something in Dropbox and printing it off and driving it halfway across the country. I mean, it's just ready to distribute. Maybe it's a form of distribution. Dropbox got it, and Dropbox notified the National Center. Correct. It is a form of distribution, and particularly Dropbox can be used like that. I think the difference in this case is that it was not shown to be used by that. Dropbox can simply be a storage device, like a storage locker. And I think, you know, I've not seen a case in my experience where someone prints off child pornography and drives it somewhere. I just don't think those cases are happening anymore. So we are seeing this being entirely electronic. And the quickness of distribution from Dropbox can be mimicked by other types of distribution, posting links to an Internet chat, to a web page, to Facebook, wherever one posts things. The difference with Dropbox is that you have to open it up for someone else to have access to it. So if you post it on another site, like a peer-to-peer, the LimeWire type sites, you don't necessarily have to specifically invite a person to look at what you've put in that post. But I think that is just what you do with Dropbox. You can create a folder that you intend to share with, you know, maybe academic colleagues or your friends. You know, this is where I put my vacation pictures or, you know, whatever else. So I think Dropbox is designed for this sharing function. Absolutely. But there's no evidence in the record that that's what happened here. So it's not assumed. I want to clarify what you're agreeing to with Judge Wood here now. Are you saying, well, two things. One, is it your position that Dropbox is designed for sharing or that's just one of several functions that Dropbox has? And two, I thought I heard you say earlier that it's a form of distribution. But I understood your point to be that this is not. What he did is not. Placing it on Dropbox is not a form of distribution. It could be transporting, but not a form of distribution. And that's exactly what's at issue here. Right. So Dropbox, I hope I answered both questions. Dropbox can be used for that. And it's possible that most people use it like that. But in this case, there's not evidence that it was used like that. And the links I posted in my brief show that at its very basic level, it's storage. It's intended to store large documents. And some people use it like that. I myself have used it like that, particularly if I have large case file documents that only I'm going to access. And I don't necessarily share them with someone else. It's for me to access so I don't have to sign on to our VPN, that sort of process. But, again, it comes back to what happened in this case. In this case, the evidence only showed that he uploaded them from the Internet to Dropbox. That's transportation. It is not distribution at this point. So that's the thrust of my argument, that he did, in fact, transfer them because he moved them from one place to another. But distribution is defined in the guideline very broadly to include transportation. So what do you do with that? That's, for me, the tough part of your argument that I just can't figure out how we would explain that. Yes, Your Honor. And I admit, as the government argues, that distribution, the enhancement, is intended to be very broad. And I think that's to catch almost all behavior that occurs. But if we apply the distribution enhancement in every case where all the defendant did was transport it to himself, then that will apply in every case. So it has to be narrowed somehow. And the way the courts have narrowed it is that the distribution necessarily means that the defendant is giving it to or making it available to someone else, that there's another person involved or another group of people involved. In this court's case, Karani, the court analyzed the gas station analogy and said that a gas station owner doesn't necessarily have to be out there saying, I'll give you some gas, here's some gas, that people can come and drive by and buy gas on their own. And that's a limewire situation where you see someone putting it out on a limewire and people drive by and pick up some child pornography on their way through that defendant's gas station. That's not what Dropbox functioned like in this case. There's no evidence that anybody was able to drive by Mr. Hyatt's Dropbox, his gas station, and obtain any images. So there was no active or passive distribution. If the court doesn't limit this enhancement, it will apply in every case. And it will eviscerate other enhancements that are designed to put layers on layers of defendants, their culpability in certain cases. And in this case, where the record does not show that Mr. Hyatt distributed child pornography, the district court erred in finding that he did. And I see that I'm into my rebuttal time. Unless the court has questions, I'll save the remainder of my time. Thank you. Mr. Whalen. May it please the court. Good morning, Your Honors. Nathaniel Whalen here on behalf of the United States of America. The district court did not plainly err in imposing this enhancement. And defendant has two hurdles to overcome. The first is factual, and the second is legal. You know, defense's argument has been that Mr. Hyatt did not share these images. But that's not supported by the record. The record is bare on this point, and the district court made that clear at sentencing. So can I ask you, Mr. Whalen, is it the government's position that even using a third-party service such as Dropbox, or you could be iCloud or whatever it is, but you're not kind of keeping it inside your own house? So is it the government's position that that step alone of transferring to some third-party service is, in fact, distribution? Yes. Transferring to a file-sharing site is distribution within the scope of the guidelines. And the reason for that, Your Honors, the guidelines say it's any act, including the transportation, related to the transfer. And I think everyone would agree that these file-sharing websites relate to the transfer of materials. That's what this court held in Ryan. That's what this court held in Carini. And so when you take those two facts together, the transportation to this file-sharing website, that does fall within the scope of the guidelines. So the only way not to distribute, I take it, I don't know how you transport without distributing in that case. But maybe you transport it from your computer at your office to your computer at home, and it's still all yours or something. But even then, you'd be using probably some email site. You'd be on Gmail or you'd be on your work email or something. Is it even possible to transport without distributing? Well, Your Honor, I do think that the fact that you transport it from your computer to your email doesn't necessarily lead to the conclusion it's distributing under the guidelines. And that's to the point Your Honor raised previously, which is file-sharing websites are just that. They're file-sharing websites. They're designed to distribute. Wait, wait, wait. How would that be any different? An email is one click away from distribution. I send something to myself via email. I can then forward it to someone else. You can, Your Honor. Doesn't that show that what you're defining is perhaps too broad? I don't think so, Your Honor, because I don't think email is designed for the ready distribution the same way that file-sharing websites are. You know, there's multiple purposes for email. Certainly, a court could conclude if I transfer from my work email to my, you know, I don't want to give the example of transferring from work to computer. But if I transfer from my computer to my phone, I might have knowingly done so in a way related to the distribution. A court could find that. I think that inference is a lot stronger when we're talking about file-sharing websites. And it's even stronger in this case where the defendant's transferring it to a folder called Share on his Dropbox account. And so, you know, I don't think the court has to test the outer limits of the distribution definition in this case. First, because we're a plain error review. And the definition we're suggesting and that the court found is not plainly outside the scope of the guidelines. And second, I think this court, if it wants to tackle this legal issue for the first time, can narrow it to the transportation to a file-sharing website. To get back to your question, Judge Wood, there are—I'm sorry, Your Honor. No, no, go ahead. No, I was just going to say there are cases that talk about when you print out the images and you transport them across the state line. I don't think that leads to the inference that it's distribution under the guidelines. Admittedly, those cases are probably a little out of date at this point. It's unashamedly rare at this point, I would think. Yeah, but the point is that it's not saying—we are not saying and the guidelines aren't saying that every transportation case necessarily constitutes distribution. There are going to be cases where it doesn't apply. And, you know, I guess, Your Honors, the point that I would make kind of overarching here is that we are on plain error review. And so the question is, does the district court's conclusion—is it plainly erroneous? Is it plainly outside the guidelines? Is it plain this defendant never shared his file link when there's no evidence one way or the other? The record's just silent on that. And when there's a silent record, the defendant can't show the district court made an error. He can argue that all he wants, but there's no affirmative evidence that he never shared this link. There's no one that got up and testified and said, nope, I kept it to myself. I'm sorry, Judge Ripple, I think I see you might have a question. Does the record show he did transfer the material to a file entitled Share D? Does the record show that? Yeah. So the publicly available search warrant that the agent filled out to get the defendant's cell phone, in this case, contains an affidavit that says this defendant had the materials uploaded onto Dropbox in a folder called Share Number 2. Your Honors, I guess unless this court has any further questions— I have a question. Yeah. The government has suggested that we actually remand for further fact-finding. What is your response to Mr. Hyde's point that the government should not get a second bite at the apple here? Well, Your Honor, my response is if this court were to reverse, which I don't think it should, obviously, this isn't a second bite at the apple because it was never contested down below. There are instances where the parties essentially agree they aren't going to challenge an enhancement, and that's what happened here. And so if this court were to reverse without a full remand, it would be rewarding the defendant for agreeing that an enhancement applies, arguing on appeal, actually, no, it doesn't apply, and then handcuffing us in our ability to be able to introduce evidence supporting the enhancement. And I think if this court were to reverse, it's also especially appropriate to remand in this case for a full resentencing because the defendant believes that he's entitled to not only the absence of this two-level enhancement, but an additional two levels off under the guidelines because he claims that his case didn't involve anything more than receipt. And that's an issue that was never brought up at the district court. I think the district court's sentencing transcripts makes clear that it does not believe that applies because the defendant transported. But if we're now going to start arguing and litigating over enhancements that were never contested, that were never brought before the district court, just as a legal matter, I think if this court were to reverse, it only is fair to let Judge Lichty in the first instance get a chance to weigh in on this. You suggested there was an agreement not to challenge the enhancement. I didn't see that in this record. Your Honor, I have an implicit agreement, an implicit agreement by the defendant's failure. For the reasons that we talked about, we believe this case is waiver. It's an implicit agreement not to challenge this enhancement. And there are strategic reasons for not doing that, Your Honor. This is your argument isn't about the defendant challenging four of them, but not this particular one. And by carving it out, you infer that. Yeah, that's correct, Your Honor, in large part because those four enhancements are all supported by his change of plea colloquy and something as simple as just counting the number of images on his computer. Whereas this enhancement, were he to have challenged it, we would have introduced affirmative evidence to the contrary. I mean, I don't want to get outside the record in this case. But suffice it to say that we would have introduced evidence above and beyond the change of plea colloquy and the stuff in just the PSR. And so unless this court has any further questions, we think the district court did not plainly err in the affirmative sentence. Thank you. Thank you. Anything further, Ms. Christensen? Yes, Your Honor. A couple points. As the court noted, there was no agreement in the record that this enhancement would not be challenged. And I've addressed the failure to challenge it as a part of a 3553A argument in the reply brief. I would like to talk about what the record is and is not. Because the government has said that a publicly available search warrant referenced other pieces of evidence in this case, including the name of the folder was shared. That publicly available search warrant was not available until after I filed my opening brief. It was unsealed. The magistrate number was unsealed after I filed my opening brief. It also was not in Mr. Hyatt's name. So unless I had known the IP address, I would not have been able to find it. So the record does not contain much of this information. And that is a problem. It is a problem for the defense not to have made an objection. But it also is a problem for the government not to have maintained its burden to prove any evidence that this distribution enhancement would apply. The record is not silenced because the judge made fairly thorough findings about this enhancement and why it should apply. Our argument, of course, is those findings are wrong and have implications for people beyond Mr. Hyatt who would receive this enhancement in nearly every case of possession. The court is essentially saying that possession is ready for distribution.  I'm not necessarily going to distribute those things. And I show no intent to distribute them by merely possessing them, whether it's in Dropbox or in my hard drive or a thumb drive. The government also says that computer-to-email would not be distributing. That's essentially what we have here. When you send something to your email, it goes to a third party, whether it's Gmail or Outlook or Yahoo. They will find things like Dropbox did in this case. So the simple fact of moving it to email would also be distributing under the government's analysis. Christian, help me out here for just a minute, if you would. I am when the district judge sentenced your client. Did the district judge know that he had placed it in a file that was marked for distribution or whatever the word was? Shared. My recollection of the record, and I could check this to make sure, is that the court did not know. My notes indicate that I did not know that a shared folder labeled shared existed until I read the government's brief. So I'm not 100 percent accurate all the time in my notes. But my guess is that if the court had known, that that might have come into his very thorough sentencing memorandum or findings at the sentencing hearing. But your view is the government knew? The government knew. The government knew the search warrant existed. And assuming trial counsel knew, I again, I was not trial counsel. So I only see what's in the record because I argue to this court what's in the record. And the argument is based on what's in the record. And your view is the government had the burden of showing. Absolutely. Showing that the steps had been taken to share the material. Yes, the government always has that burden if they are proponents of an enhancement. And if you look at the presentence report, there is no there's nothing under that enhancement. It simply lists the enhancement, the guideline and the plus two as all presentence reports do. So unless the court has further questions, I ask for the court to reverse and remand for resentencing. Thank you. Thank you very much. Thanks to both counsel. We'll take the case under advisement.